Argued June 18, decided June 24, 1913.

## RAMSDELL *v.* RAMSDELL.

(132 Pac. 1167.)

**Evidence—Parol Evidence—Building Contract.**

1. Under Section 713, L. O. L., providing that contracts reduced to writing cannot be varied by parol, except to explain an ambiguity, a building contract, whereby the builder was to complete a house according to plans furnished by him, to be a duplicate of one built by him for another, was not ambiguous; and the admission of parol evidence virtually contradicting its terms was error.

[As to parol evidence to add to or vary a writing, see note in 56 Am. St. Rep. 659.]

**Contracts—Actions—Issues and Evidence.**

2. Where plaintiff's allegation that building plans set out in his complaint were furnished by defendant, who failed to construct the building as agreed upon, was denied, the issue was whether the plans pleaded by plaintiff were those by which the house was to be built; and evidence that defendant was not bound to furnish plans was not within the pleadings.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by J. A. Ramsdell against C. D. Ramsdell and S. W. Anderson.

It is admitted that the parties to this action entered into a contract with each other, of which the following is a copy:

"Contract for Building a Two-Story House for J. A. Ramsdell.

"On lots 7 and 8, block ——, Carter's Add. to East Portland, on corner of East 25th and Halsey Sts., by and between J. A. Ramsdell, hereafter known as the first party, and C. D. Ramsdell and S. W. Anderson, known as the second party: It is hereby agreed that in consideration of $2,800.00 the second parties will build and complete said residence according to plans and specifications furnished by the second parties for that purpose. Said second parties also agree to accept in part payment of contract price a $300.00 mortgage, held by the first party on lots 10 and 11, block 7, Pen. Add. No. 2. Other payments to be made as work progresses. Said house is to be a duplicate of a house built by S. W. Anderson near East 26th and Belmont, No. 815 Belmont, except as otherwise specified.

"J.  A.  RAMSDELL.
"C.  D.  RAMSDELL.
"S.  W.  ANDERSON."

The plaintiff alleges that certain plans and specifications attached to and made a part of his complaint were furnished by the defendants, and that by reason of sundry departures from the directions therein contained the defendants failed to construct the dwelling as agreed upon, to the damage of the plaintiff in the sum of $875, and also claims to have overpaid the defendants on the contract in the sum of $74.14.

The defendants denied that the plans and specifications exhibited by the plaintiff were made a part of the contract, and otherwise traversed the complaint. They allege that they constructed the house according to the terms of the contract already quoted, except as to certain extras, and this in turn was traversed by the reply. It is specified in a commendably concise bill of exceptions in substance that the court over-

ruled the plaintiff's objection thereto, heard testimony to explain the contract, and ruled that its terms only required the defendants to build for the plaintiff a duplicate of a house built by S. W. Anderson; that no plans or specifications at all were to be furnished by the defendants under its stipulations; and that defendants were not required to follow any plans or specifications whatever in the building of the house. This is the principal error assigned by the plaintiff. The court also refused to allow him to prove that the house built by the defendants did not comply with the plans and specifications set forth in the complaint, or to prove his damages on account of the failure of the defendants to build according to the same. The court made findings of fact in harmony with these rulings upon the testimony thus introduced, and finally entered a judgment for the plaintiff for only the amount overpaid by him. The plaintiff appeals.

REVERSED.

For appellant there was a brief over the names of *Messrs. Wilson & Neal,* with an oral argument by *Mr. Oscar A. Neal.*

For respondents there was a brief over the names of *Mr. Charles H. Lenon, Mr. John A. Jeffrey* and *Mr. Clinton A. Ambrose,* with an oral argument by *Mr. Lenon.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The question made and decided by the Circuit Court was whether or not there was an agreement to furnish any plans or specifications. To determine this question it is only necessary to construe the admitted contract. It is said in Section 713, L. O. L.,

that: "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except in the following cases: 1. Where a mistake or imperfection of the writing is put in issue by the pleadings; 2. Where the validity of the agreement is the fact in dispute. But this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in Section 717, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. * * "

2. The language of the contract was that "the second parties will build and complete said residence according to plans and specifications furnished by the second parties for that purpose." As plainly as can be stated, these words mean, not only that plans and specifications were to be furnished, but also that the defendants were to furnish them. The defendants count upon the concluding clause of the contract as excusing them from furnishing plans. That paragraph reads thus: "Said house is to be a duplicate of a house built by S. W. Anderson near East 26th and Belmont, No. 815 Belmont, except as otherwise specified." This language fairly construed does not obviate, but rather accentuates, the duty of the defendants to furnish plans and specifications, because it uses this language, "except as otherwise specified." In other words, it amounts to saying that, wherever the Anderson house should differ from the plans and specifications to be furnished by the second parties for that purpose, the specifications should control. The language being plain and unambiguous, the court

was in error in receiving and considering testimony which virtually contradicted the plain terms of the contract binding the defendants to furnish plans and specifications. The issue made by the pleadings was not whether the defendants were to furnish plans and specifications, but whether or not the plans and specifications pleaded by the plaintiff were those by which the house was to be built. The question involved in the erroneous ruling of the court was foreign to the pleadings. The court further erred in refusing to allow the plaintiff to make proof of the allegations of his complaint respecting the identity of the plans and specifications pleaded and the damage resulting from a violation thereof.

The judgment is reversed and the cause remanded for further proceedings.        REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.